IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SHAWN R. GOING                                                                             PLAINTIFF

VS.                                           CIVIL NO. 05-2118

JO ANNE B. BARNHART,
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION           DEFENDANT

**MEMORANDUM OPINION**

Shawn Going (hereinafter "plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying his application for supplemental security income ("SSI") under Title XVI of the Act.

**Background:**

The application for SSI now before this court was protectively filed on February 27, 2003, alleging an onset date of July 15, 2002, due to the residuals of a head injury, memory problems, and depression. (Tr. 15, 53, 57). An administrative hearing was held on July 15, 2004. (Tr. 272-300). Plaintiff was present and represented by counsel.

At the time of the administrative hearing, plaintiff was thirty-three years old and possessed the equivalent of a high school education. (Tr. 15). The record reveals that he has past relevant work experience ("PRW") as a maintenance helper, poultry processor, and welder. (Tr. 286).

On October 5, 2004, the Administrative Law Judge ("ALJ"), issued a written opinion finding that plaintiff's residual headaches and depression were severe impairments, but did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 20).

The ALJ then concluded that plaintiff maintained the residual functional capacity ("RFC") to perform a significant range of light work limited only by his inability to work around ropes, ladders, and scaffolds. Further, he determined that plaintiff was limited to performing tasks that required only incidental contact with the general public and co-workers and involved only simple one and two step tasks. (Tr. 21). As plaintiff's PRW as a poultry processor did not require the performance of work-related activities precluded by his RFC, the ALJ found that plaintiff was not disabled. (Tr. 21).

On June 7, 2005, the Appeals Council declined to review this decision. (Tr. 4-6). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. The plaintiff and Commissioner have filed appeal briefs, and the case is now ready for decision. (Doc. # 8, 9).

**Applicable Law:**

The issue before this court is whether the Commissioner's decision is supported by substantial record evidence. "We will affirm the ALJ's findings if supported by substantial evidence on the record as a whole." *Beckley v. Apfel*, 152 F.3d 1056, 1059 (8th Cir. 1998). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Id*. *See also Cunningham v. Apfel*, 222 F.3d 496, 500 (8th Cir. 2000). "However, our review 'is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision, we also take into account whatever in the record fairly detracts from that decision.' Nevertheless, as long as there is substantial evidence in the record to support the Commissioner's decision, we will not reverse it simply because substantial evidence

2

exists in the record that would have supported a different outcome, *Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir.1995), or 'because we would have decided the case differently.'" *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001)(citations omitted).

**Discussion:**

Of particular concern to the undersigned is the ALJ's failure to properly consider plaintiff's mental impairments. On September 10, 2003, plaintiff was evaluated by Dr. Patricia Walz, a psychologist. (Tr. 154). Dr. Walz diagnosed plaintiff with estimated low average intelligence, rule out schizoaffective disorder, and personality disorder with antisocial traits. (Tr. 157). She noted that plaintiff's concentration, persistence and pace seemed adequate and did not find evidence of significant limitations in two or more areas of adaptive functioning. However, Dr. Walz did recommend that plaintiff undergo a neuropsychological evaluation, due to his memory deficits. (Tr. 158).

On April 7, 2004, plaintiff was evaluated by Dr. Douglas Brown, a psychiatrist. (Tr. 319). Plaintiff was noted to be very cooperative, however, testing revealed that his full scale IQ was only seventy-nine, placing him in the borderline range of intellectual functioning. Dr. Brown diagnosed plaintiff with major depression, alcohol and substance abuse in remission, borderline intellectual capacity, and probable development and impulse control disorders. (Tr. 321). He found plaintiff to have an unlimited ability to understand, remember and carry out simple job instructions; a good ability to remember, understand and carry out detailed but not complex instructions; and, a fair ability to remember, understand, and carry out complex job instructions. (Tr. 323). Dr. Brown felt

3

that plaintiff had a fair ability to follow work rules, relate to co-workers, deal with the public and interact with supervisors, function independently, maintain appearance, relate predictably, and demonstrate reliability. (Tr. 322). Dr. Brown also stated plaintiff had a poor ability to deal with work stresses, maintain attention and concentration, and behave in an emotionally stable manner. (Tr. 323).

Although the ALJ acknowledged Dr. Brown's opinion, he failed to consider a great deal of it when rendering his RFC assessment. In particular, he failed to discuss the fact that Dr. Brown had indicated that plaintiff would not be able to behave in an emotionally stable manner. A review of the record shows that the vocational expert testified that a person who could not behave in an emotionally stable manner would not be able to work. (Tr. 390). As such, we believe that remand is necessary to allow the ALJ to reevaluate Dr. Brown's evaluation. *Reeder v. Apfel*, 214 F.3d 984, 988 (8th Cir. 2000) (holding that the ALJ is not free to ignore medical evidence, rather must consider the whole record).

In addition, Dr. Brown diagnosed plaintiff with borderline intellectual functioning. While we note that Dr. Walz diagnosed him with low average intellect, we also note that this was merely an estimate and not based on intellectual testing. The United States Court of Appeals for the Eighth Circuit has "previously concluded that borderline intellectual functioning ... is a significant nonexertional impairment that must be considered by a vocational expert." *Lucy v. Chater,* 113 F.3d 905, 908 (8th Cir.1997); *Foreman v. Callahan*, 122 F.3d 24, 26 (8th Cir. 1997). As this was not

4

included in the hypothetical question posed to the vocational expert, we believe that remand is also necessary to allow the ALJ to submit a proper hypothetical question to said expert.

The ALJ also failed to consider plaintiff's contentions that he lacked the financial ability to seek more consistent treatment. While it is for the ALJ in the first instance to determine a plaintiff's motivation for failing to follow a prescribed course of treatment, or to seek medical attention, such failure may be excused by a claimant's lack of funds. *Tome v. Schweiker*, 724 F.2d 711, 714 (8th Cir. 1984); *Jackson v. Bowen*, 866 F. 2d 274, 275 (8th Cir. 1989). "Although it is permissible in assessing the severity of pain for an ALJ to consider a claimant's medical treatment and medications, the ALJ must consider a claimant's allegation that he has not sought medical treatment or used medications because of a lack of finances." *Dover v. Bowen*, 784 F.2d 335, 337 (8th Cir. 1986) (citing *Tome v. Schweiker*, 724 F.2d at 714). Economic justifications for lack of treatment can be relevant to a disability determination. *Murphy v. Sullivan*, 953 F.2d 383, 386 (8th Cir. 1992). As the record does indicate that plaintiff sought only emergency treatment for his ailments, we believe that remand is necessary to allow him to further develop the record concerning plaintiff's financial ability to obtain treatment and medication.

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

AO72A
(Rev. 8/82)

DATED this 9th day of November 2006.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)